```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
CHRISTOPHER E. REESE,              :
                                   :
              Petitioner,          :   12-CR-0629 (VM)
                                   :   16-CV-0664 (VM)
                                   :
          - against -              :   DECISION AND ORDER
                                   :
UNITED STATES OF AMERICA,          :
                                   :
              Respondent.          :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Petitioner Christopher E. Reese ("Reese") filed a motion pursuant to 28 U.S.C. Section 2255 ("Section 2255") to vacate, set aside, or otherwise correct his conviction and sentence ("First Motion," Dkt. No. 189) on January 28, 2016. In his First Motion, Reese claimed he was denied his Sixth Amendment right to the effective assistance of counsel and requested that his current sentence be vacated or, alternatively, that his case be remanded for an evidentiary hearing.

On January 29, 2016, the Court denied Reese's First Motion ("January 29 Decision") and held that Reese's substantive arguments have been repeatedly addressed and rejected by this Court, and therefore, Reese cannot claim ineffective assistance by reason of counsel's failure to present evidence or arguments regarding issues that are meritless on their face. (Dkt. No. 190.) The Court further held that even if Reese's arguments had any merit, he cannot

satisfy the prejudice prong of the Strickland test because the trial record contains more than ample evidence to support a verdict of guilty beyond a reasonable doubt. (Dkt. No. 190); see Strickland v. Washington, 466 U.S. 668, 688-89 (1984).

On February 2, 2016, the Clerk of the Court received a second motion pursuant to Section 2255 to vacate, set aside, or otherwise correct Reese's conviction and sentence. ("Second Motion," Dkt. No. 191.)

Also on February 2, 2016, Reese filed a motion for reconsideration of the January 29 Decision. ("Motion for Reconsideration," on file with chambers.)

After careful review of Reese's First Motion and Second Motion, the Court is persuaded that there are no substantive or legal distinctions between the two motions. The Court adopts the same reasoning here as in its January 29 Decision. (Dkt. No. 190.)

Therefore, the Court once again finds that Reese has not made a sufficient showing that he is entitled to Section 2255 relief. Accordingly, the Court DENIES Reese's Second Motion in its entirety.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 191) of petitioner Christopher E. Reese ("Reese") to vacate, set aside, or

otherwise correct his conviction and sentence pursuant to 28 U.S.C. Section 2255 is **DENIED**.

The Court certifies, pursuant to 28 U.S.C. Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

As Reese has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. Section 2253(c)(1)(B).

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
24 February 2016

VICTOR MARRERO
U.S.D.J.

3