| CHRISTOPHER E. REESE | REGISTER NO. 17878-083<br>F.C.I. FORT DIX (WEST-5811)<br>P.O. BOX 2000<br>JOINT BASE MDL, NEW JERSEY 08640 |
|---|---|

February 2, 2016

[BY FAX: (212) 805-6382]
THE HONORABLE VICTOR MARRERO
SENIOR U.S. DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
40 CENTRE STREET
NEW YORK, NEW YORK 10007

                    Re: Christopher E. Reese v. United States, Docket No. 16 Civ. 664 (VM)
                        United States v. Christopher E. Reese, Docket No. 12 Cr. 629 (VM)

Dear Judge Marrero:

    The undersigned respectfully submits this letter-motion pursuant to Rule 6.3 of the Court's Local Civil Rules, for reconsideration of the Court's Order dated January 29, 2016, denying the undersigned's motion to vacate, set aside or correct his sentence [28 U.S.C. 2255]. Inasmuch as the Court overlooked both controlling case law and at least one of the substantive arguments raised, the Court should grant this motion to prevent manifest injustice.

    I.    BACKGROUND.

    By way of background, the undersigned filed a motion to vacate, set aside or correct his sentence on January 26, 2016. Among other things, the undersigned complained that he was denied effective assistance if counsel when his trial attorney [Ronald L. Garnett] waited until minutes before the plea offer were scheduled to expire to inform him about the plea, and then miscommunicated the terms of two written plea agreements to him. In support of the ineffective assistance of counsel claim, the undersigned provided an affirmation (under the penalty of perjury) and documentary evidence in the form of emails between the Government and trial counsel, and the Government and the U.S. Marshals. The undersigned had never before raised a claim concerning counsel's ineffectiveness during the plea stages of the case.

    On January 29, 2016, the Court denied the section 2255 motion without affording the Government a chance to respond to the allegations (each of which were supported by documentary evidence), and without addressing the question of counsel's effectiveness during the plea stage. Instead, in denying the motion the Court stated that

> Reese's substantive arguments have been repeatedly addressed and rejected by this Court and, most recently, by the Second Circuit. Thus, Reese cannot claim ineffective assistance by reason of counsel's not presenting evidence or arguments regarding issues that are meritless on their face . . . . Moreover, even if Reese's arguments had any merit, he cannot satisfy the prejudice prong of the Strickland test because the trial record contains more than ample evidence to support a verdict of guilty beyond a reasonable doubt.

{Decision and Order dated January 29, 2016, at 3} The undersigned now seeks reconsideration of the order dated January 29, 2016, inasmuch as the Court has clearly overlooked substantive arguments and binding case law.

## II. DISCUSSION.

### RECONSIDERATION OF THE JANUARY 29, 2016 ORDER IS WARRANTED, AS A MATTER OF LAW, SINCE THE COURT CLEARLY "OVERLOOKED" BINDING CASE LAW, LEGAL AND FACTUAL ARGUMENTS, AND DOCUMENTARY EVIDENCE SUPPORTING THE ARGUMENTS

As your Honor has previously observed, "[r]econsideration of a previous order by the court lies squarely within the court's sound discretion." {Anwar v. Fairfield Greenwich, Ltd., 745 F.Supp.2d 379 (S.D.N.Y. 2010)(Marrero, J.) (granting motion for reconsideration based on Court's "oversight" that led the Court to dismiss claim of the moving party)} "[A] request for reconsideration under Rule 6.3 of this Court's Local Civil Rules ("Rule 6.3"), which governs motions for reconsideration, must demonstrate controlling law or factual matters put before the court in its decision on the underlying matter that the movant believes the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." {Id.; Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)}

In issuing the Order of January 29, 2016, the Court completely overlooked the undersigned's argument that he was denied effective assistance of counsel when failed to communicate two Government plea offers to him until minutes before the offers were to expire, and where counsel inaccurately communicated some of the terms and failed to communicate other terms of the plea offer. This oversight warrants reconsideration since, but for the oversight, one could expect that the Court would not have denied the motion without first conducting an evidentiary hearing -- assuming the Government would have opposed the motion despite the documentary evidence supporting each of the claims surrounding counsel's ineffectiveness during the plea offer stages.

It is well established that "counsel must always communicate to the defendant the terms of any plea bargain offered by the prosecution." {Cullen v. United States, 194 F.3d 401, 404 (2d Cir. 1999)} Further, "[t]o warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" {Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009)(quoting Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000))} The Second Circuit has held that "[w]ith respect to a claim that counsel's ineffective assistance led to the rejection of a plea offer that, properly informed, would have been accepted, a petitioner seeking a hearing must proffer arguably credible evidence of a prima facie case that, but for counsel's improper advice, the petitioner would have accepted the plea offer." {Puglisi, 586 F.3d at 215 (citing Aeid v. Bennett, 296 F.3d 58, 63-64 (2d Cir. 2002))} "This may be accomplished through the petitioner's own sworn statement if it is credible in light of all the relevant circumstances." {Puglisi, 586 F.3d at 215-16}

Here, in support of his allegations that counsel's provided ineffective assistance, the undersigned submitted an affirmation under the penalty of perjury, and additional documentary evidence demonstrating counsel's failure to promptly inform the undersigned of the Government's plea offer, and counsel's conscious decision to wait until minutes before the offers were to expire before he would mentioned the plea offers to the undersigned. Further, allegations that counsel failed to inform the undersigned of the precise terms of the plea offers is corroborated by the record and presentence submissions. But for counsel's ineffectiveness, the undersigned would have accepted the Government's plea offer. Indeed, as the Court noted in its Order of January 29, 2016, "Reese's own testimony that he was engaged in a conspiracy to commit wire fraud" {Decision and Order of January 29, 2016, at 4} established guilt on the charges. Thus, the record conclusively establishes that the undersigned would have accepted the proposed plea offers, but for counsel's failure to timely and accurately convey the offers. A failure that the Supreme Court has stated warrants relief. {See, Missouri v. Frye, 132 S.Ct. 1399 (2012); Lafler v. Cooper, 132 S.Ct. 1376 (2012)}

The Court clearly "overlooked" the legal and factual arguments, evidentiary support, and controlling case law when it denied the undersigned's section 2255 motion without, first, providing the Government an opportunity to respond or holding an evidentiary hearing, as required by law. To prevent manifest injustice, the Court should issue vacating the Order of January 29, 2016, after granting this motion for reconsideration. Indeed, in its present form, the Order of January 29, 2016, is indefensible on appeal and the Court should endeavor to correct the clear and obvious error resulting from the improper handling of the motion.

## III. CONCLUSION.

The undersigned, having demonstrated that an oversight resulted in an unfair and wholly improper decision and order of this Court, respectfully imposes upon the Court to correct the matter. Notably, an objective view of the handling of this matter would lead to the reasonable conclusion that there exist improper judicial animus -- the

source of which is unknown. Nevertheless, the undersigned believes that the Court is aware of its Congressionally mandated obligation under 28 U.S.C. 455(a) -- which compels recusal in certain cases. Unless the Court is inclined to correct the manifest injustice that will result from the January 29, 2016 Order, there is a substantial likelihood that the Second Circuit -- given this Court's effective disregard and disavowal of its controlling decisions as they apply to the underlying section 2255 motion -- will certainly grant a certificate of appealability, vacate the January 29, 2016 Order, remand for further proceedings, and reassign the matter to a different judge in light of what will appear to be clear and unequivocal;, inappropriate judicial animus.

WHEREFORE, the undersigned respectfully requests that the Court reconsider its January 29, 2016 Order, vacate that Order and conduct further proceedings including, but not limited to, an evidentiary hearing on the section 2255 motion, in the interest of justice and to prevent manifest injustice.

Respectfully submitted,

/s/ Christopher E. Reese

CHRISTOPHER E. REESE

cc: Micah William Janso Smith, AUSA

INMATE NAME: Christopher Reese
REGISTER NO.: 17878-013
HOUSING UNIT: 5811
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640



United States District Court
Southern District of New York
300 Pearl Street
New York, New York 10087

02/03/16
Criminal Docketing